Caruthers, J.,
delivered the opinion of the Court.
The plaintiff in error was presented, for gaming, in tbe Circuit Court of Hardeman. He filed a plea in abatement, setting up the protection afforded to all persons summoned before tbe grand jury as informers in relation to that offence. Tbe plea is, that be was subpoenaed and went before the grand jury to testify as to unlawful gaming, &c., and that •“ be did, before said grand jury, testify in relation to said offence * * * all tbe facts within bis knowledge or recollection.”
The act of 1824, ch. 5, Car. sec. 359, after conferring upon the grand jury the power to send for witnesses, &c., provides for their protection, thus: “Nor shall any such witness be liable or bound to answer to any criminal proceedings for any offence about which he may have been examined as a witness, by virtue of this act.” Code, 5089.
*457 The demurrer to tbe plea was sustained by the Court, and the defendant convicted on the genera] issue.
This was certainly right, as the plea does not aver that he was examined before the jury as to the particular offence charged against him in this indictment.
The statute was only intended to relieve him, though guilty, with others, in cases where he had informed against them for the identical offence. The object was to save him from self crimination so far as he was used as a witness to bring others to ° justice, but no farther. It was not intended that the mere fact of summoning a man before the jury, under the act, should operate as a pardon of all his crimes of the same nature. To have this effect, the offence charged against him must be the same about which he actually testified before the jury against others. If this were not so, evasion or perjury, in behalf of others, might be made to screen him from liability.
The judgment will be affirmed.